BRIAN R. STRANGE (SBN 103252)
*lacounsel@earthlink.net*
GRETCHEN CARPENTER (SBN 180525)
*gcarpenter@strangeandcarpenter.com*
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Telephone:   310-207-5055
Fax:              310-826-3210

Attorneys for Philip Sterker

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| KEVIN KHOI DUY TRAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC.; and AT&T MOBILITY, L.L.C.,<br><br>Defendants. | Case No. 5:09-cv-4048-JW<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Assigned to the Honorable James Ware |

Pursuant to Civil L.R. 3-12 and Civil L.R. 7-11, Philip Sterker, the representative plaintiff in *Sterker v. Apple, Inc., et al.*, Case No. CV 09-4242 PJH ("*Sterker* case"), filed on September 14, 2009, and currently pending before the Honorable Phyllis J. Hamilton, files this administrative motion to consider whether the *Sterker* case should be related to this case (*Tran v. Apple, Inc., et al.*, Case No. CV 09-4048-JW, filed on September 1, 2009) and transferred to the Honorable James Ware for further proceedings.

Both cases are putative nationwide class actions against defendants Apple, Inc. ("Apple") and AT&T Mobility, L.L.C. ("AT&T"), on behalf of persons who purchased iPhone 3G or iPhone 3G-S phones, alleging that defendants made omissions and misrepresentations related to the iPhone 3G and 3G-S mobile phones' MMS (Multimedia Messaging Services) features. Both

1

complaints include allegations that Apple and AT&T failed to deliver MMS and engaged in deceptive marketing practices related to the delivery of MMS and include claims for violation of California's Unfair Competition Law ("UCL"), Cal. Business and Professions Code §§ 17200, *et seq.*[1] Thus, the cases present many of the same factual and legal questions arising out of an allegedly false and deceptive sales and marketing campaign orchestrated jointly by Apple and AT&T.

The class definitions in the two cases are also substantially similar. The class in the *Tran* case includes:

> All persons or entities in the United States who, between June 19, 2009 to the present, purchased or otherwise acquired an iPhone 3G or iPhone 3G-S from either AT&T or Apple for personal, family or household use. Also included are all persons or entities who owned an iPhone 3G whose contract with AT&T expired between June 19, 2009 to the present and either entered into a new contract with AT&T or otherwise agreed to continue utilizing AT&T's wireless telephone services. Excluded from the Class are Defendants herein, members of their immediate families and their legal representatives, parents, affiliates, heirs, successors or assigns and any other person who engaged in the improper conduct described herein.

*Tran* Class Action Complaint, ¶ 75.

The class in the *Sterker* case includes:

> All consumers residing in the United States who, between July 2008 and the date of final judgment or settlement, have purchased a 3G or 3G-S iPhone from either AT&T Mobility L.L.C. or Apple, Inc. primarily for personal, family, or household use.

*Sterker* Complaint, ¶ 45.[2]

In addition, both cases are included in AT&T's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407, currently pending before the Multi-District Litigation panel in *In Re: Apple iPhone 3G and 3G-S "MMS" Marketing and Sales Practices Litigation*, MDL No. 2116 ("MDL Proceeding"). Plaintiffs Tran and Sterker (along with Arturo Molina, the representative plaintiff

---

[1] The *Tran* case also includes claims for false advertising under Cal. Business and Professions Code §§ 17200, *et seq.*, breach of implied warranty, and unjust enrichment. The *Sterker* case also includes a claim for violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.*

[2] The *Sterker* class also includes a subclass of persons who purchased messaging bundles from AT&T. *Sterker* Complaint, ¶ 46.

in *Molina v. Apple, Inc., et al.*, United States District Court for the Southern District of California, Case No. 09-cv-02032 (JLS) (POR)) filed a joint Opposition to AT&T's Motion for Transfer and a Cross-Motion for Transfer and Consolidation of Related Actions to the Northern District of California in the MDL Proceeding. All parties to the MDL Proceeding recognize that these cases are based on substantially similar allegations and therefore believe that consolidation is appropriate (although there is disagreement about the appropriate transferee court).

      In conclusion, because the cases "concern substantially the same parties, property, transaction or event," and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges" (Civil L.R. 3-12(a)), the *Tran* and *Sterker* cases should be related, and the *Sterker* case should be transferred to Judge Ware for further proceedings (pending a decision in the MDL Proceeding).

DATED: October 14, 2009                        Respectfully Submitted,

                                                STRANGE & CARPENTER

                                                By: _____
                                                    Brian R. Strange
                                                    Attorneys for Philip Sterker

## PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is:

12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025

On October 14, 2009, I served the forgoing document, described as: **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** on the interested parties in this action:   [ ] **VIA ECF** [ x ] by placing [ ] the original [ x ] a true copy thereof to in an envelope addressed only as follows:

Penelope A. Preovolos, Esq.
Andrew D. Muhlbach, Esq.
Heather A. Moser, Esq.
Anne M. Hunter, Esq.
Morrison & Foerster LLP
425 Market Street, 32nd Floor
San Francisco, CA 94105
(415) 268-7000
(415) 268-7522 (fax)
ppreovolos@mofo.com
amuhlbach@mofo.com
hmoser@mofo.com
ahunter@mofo.com

*Counsel for Defendant Apple, Inc.*


Kathleen Taylor Sooy, Esq.
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 624-2608
(202) 628-5116 (fax)
ksooy@crowell.com

Jason C. Murray, Esq.
Crowell & Moring LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
(213) 622-4750
(213) 622-2690 (fax)
jmurray@crowell.com

*Counsel for Defendant AT&T Mobility LLC*

1  Matthew Kendall Edling, Esq.
   Aron K. Liang, Esq.
2  Nanci Eiko Nishimura, Esq.
   Steven Noel Williams, Esq.
3  Cotchett, Pitre & McCarthy
   840 Malcolm Road, Suite 200
4  Burlingame, CA 94010
   (650) 697-6000
5  (650) 697-6340 (fax)
   medling@cpmlegal.com
6  aliang@cpmlegal.com
   nnishimura@cpsmlaw.com
7  swilliams@cpmlegal.com

8  Counsel for Plaintiff Kevin Khoi Duy Tran

9
   [ x ]   **VIA FIRST CLASS MAIL**
10 [   ]   **VIA ELECTRONIC MAIL**

11 [ ] I deposited such an envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.
12
   [ X ] As follows: I am "readily familiar" with the firm's practice of collection and
13 processing correspondence for mailing. Under that practice it would be deposited with
   U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles,
14 California. I am aware that on motion of party served, service is presumed invalid if
   postal cancellation date or postage meter date is more than one day after date of deposit
15 for mailing in affidavit.

16 [ ] **BY PERSONAL SERVICE**

17      I delivered such envelope by hand to the addressee.
        Executed on October 14, 2009, at Los Angeles, California.
18
   [ X ]  **(Federal)**    I declare that I am employed in the office of a member of the bar of
19                         this court at whose direction the service was made.

20                                                    _____
                                                              Carlo Aguilar
21

22

23

24

25

26

27

28

- 2 -